FILED
TARRANT COUNTY
3/19/2015 2:09:50 PM
THOMAS A. WILDER
DISTRICT CLERK

141-277438-15

**CAUSE NO. _____**

| | | |
|---|---|---|
| ISMAEL ARRIAGA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | TARRANT COUNTY, |
| AND AARON GALVAN | § | TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Ismael Arriaga, hereinafter referred to as "Plaintiff," complaining of Defendants, State Farm Lloyds and Aaron Galvan (hereinafter collectively referred to as "Defendants") and hereby respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Ismael Arriaga, is an individual and resident of Texas.

Defendant, State Farm Lloyds ("State Farm"), is a Texas domestic Lloyd's plan insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas and/or has its principal place of business located in Texas. Additionally, one or more of State Farm's "members' are citizens of Texas. It can be served with citation by serving its



EXHIBIT
C

registered agent, Rendi Black C/O State Farm, by certified mail, return receipt requested, at 17301 Preston Road, Dallas, Texas 75252-5727.

Defendant, Aaron Galvan ("Galvan"), is a citizen of Texas who can be served with process by certified mail, return receipt requested, at 12516 Avondale Ridge Drive, Fort Worth, Texas 76179, or wherever else he may be found.

### III. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

Venue is mandatory and proper in Tarrant County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (*see* Tex. Civ. Prac. & Rem. Code §15.002) and the insured property that is the basis of this lawsuit is located in Tarrant County, Texas. *See* Tex. Ins. Code §2210.552 and Tex. Civ. Prac. & Rem. Code §15.032 (see below). Venue is proper and mandatory in Tarrant County against all the Defendants in this case because venue is mandatory and/or proper against at least one Defendant and all claims or actions in this case arise out of the same transaction, occurrence, or series of transaction or occurrences. *See* Tex. Civ. Prac. & Rem. Code §15.005.

### IV. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

### V. FACTS

A.      Plaintiff is the owner of insurance Policy Number 58UC92142 issued by Defendant, State Farm (hereinafter referred to as the "Policy").

B.      Plaintiff owned the insured property, which is specifically located at 2912 Creston Ave., Fort Worth, Texas 76133-1606 on 05/12/14 (hereinafter referred to as the "Property").

C.      Defendant State Farm or its agent sold the Policy, insuring the Property, to Plaintiff.

D.      On or about 05/12/14, a wind and hailstorm struck the Fort Worth, Texas area causing
severe damage to homes and businesses throughout the area, including Plaintiff's Property.

E.      Plaintiff submitted a claim to State Farm against the Policy for roof damage and water
damage the Property sustained as a result of the wind and hailstorm.  Plaintiff asked that
State Farm cover the cost of repairs to the Property pursuant to the Policy and any other
available coverages under the Policy.

F.      Defendants have assigned claim number 43-519M-245 to Plaintiff's claim.

G.      Defendant Galvan was the agent for State Farm and represented State Farm in regard to
Plaintiff's claim. Galvan also adjusted the Plaintiff's claim by investigating, processing,
evaluating, approving, and/or denying, in whole or in part, Plaintiff's claim.  As such,
Galvan acted as an insurance adjuster engaged in the business of insurance with respect to
the Plaintiff's insurance claim.  Therefore, Galvan is a "person" who is individually liable
for his unfair methods of competition or unfair or deceptive acts or practices under the
Texas Insurance Code and the DTPA.    Furthermore, Galvan acted as the agent and
representative for State Farm in this claim.

H.      Defendant Galvan improperly adjusted the Plaintiff's claim. Defendant Galvan conducted a
substandard inspection, which is evidenced in his report, which failed to include many of
Plaintiff's damages.[1]  His estimate did not allow adequate funds to cover repairs to restore
Plaintiff's home. Without limitation, Galvan misrepresented the cause of, scope of, and cost
to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage

---

[1] *See Exhibit A: Defendant Galvan's Adjustment Report/Denial Letter Dated 09/19/14.*

141-277438-15

for Plaintiff's claim/loss under Plaintiff's insurance policy.[2] Galvan made these and other misrepresentations to Plaintiff as well as to State Farm. Plaintiff and State Farm both relied on Galvan's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Galvan's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property. Galvan also advised Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property.[3] This advice was negligent and false because it turns out Plaintiff could not properly repair his Property and prevent future damage by following Galvan's advice. Plaintiff's Property has sustained further damages as a result.

I.    Defendants State Farm and Galvan misrepresented that the damages caused by the wind and hailstorm were below the Policy deductible.[4] However, Defendants' representations were false because Plaintiff's wind and hailstorm damages exceed $46,000.00.

J.    Defendants State Farm and Galvan failed to properly adjust the claims and Defendants have denied at least a portion of the claims without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

K.    These false representations allowed Defendants to financially gain by wrongfully denying at least a portion of Plaintiff's claim.

---

[2] *Id.*
[3] *Id.*
[4] *Id.*

141-277438-15

L.      Plaintiff's claim(s) still remain unpaid and the Plaintiff still has not been able to properly repair the Property.

M.      Defendant State Farm failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiff.

N.      Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(1).

O.      Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(2)(A).

P.      Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement. Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim. TEX. INS. CODE Section 541.060(a)(3).

141-277438-15

Q.   Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

R.   Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses to the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

S.   Defendants failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated deadline. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.055.

T.   Defendants failed to accept or deny Plaintiff's full and entire claim within the statutory mandated deadline of receiving all necessary information. Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE Section 542.056.

U.   Defendants failed to meet their obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Defendants have delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment

for his claim.  Defendants' conduct constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE Section 542.058.

V.      From and after the time Plaintiff's claim was presented to Defendants, the liability of Defendants to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Defendants have refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Defendants' conduct constitutes a breach of the common law duty of good faith and fair dealing.

W.      As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

X.      Plaintiff's experience is not an isolated case.  The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling these types of claims.  Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

### VI. THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract Against State Farm**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, State Farm has the duty to investigate and pay Plaintiff's policy benefits for claims made for covered damages, including additional benefits under the Policy, resulting from the wind and hailstorm.  As a result of the

141-277438-15

wind and hailstorm and/or ensuing losses from the wind and hailstorm, both of which are covered perils under the Policy, Plaintiff's Property has been damaged.

Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542 Against State Farm and Galvan**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendants' acts, omissions, failures and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Within the timeframe required after the receipt of either actual or written notice of Plaintiff's claim, Defendants did not request from Plaintiff any items, statements, and forms that they reasonably believed at that time would be required from Plaintiff for Plaintiff's claim. As a result, Defendants have violated Section 542 by failing to accept or reject Plaintiff's claim in writing within the statutory timeframe. Defendants also violated Section 542 by failing to pay Plaintiff's claim within the applicable statutory period. In addition, in the event it is determined Defendants owe Plaintiff any additional monies on Plaintiff's claim, Defendants have automatically violated Section 542 in this case.

**C. DTPA Cause of Action Against State Farm and Galvan**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services

provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters:

By their acts, omissions, failures, and conduct that are described in this petition, Defendants have violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendants' violations include, without limitation, (1) their unreasonable delays in the investigation, adjustment and resolution of Plaintiff's claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2).

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(5) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA;

As described in this petition, Defendants advertised their insurance policy and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA;

As described in this petition, Defendants represented to Plaintiff that their insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiff the right to recover under Section 17.46 (b)(12) of the DTPA;

141-277438-15

As described in this petition, Defendants failed to disclose information concerning goods or services which were known at the time of the transaction and such failure to disclose was intended to induce Plaintiff into a transaction into which the Plaintiff would not have entered had the information been disclosed, which gives Plaintiff the right to recover under Section 17.46 (b)(24) of the DTPA;

Defendants have breached an express warranty that the damage caused by the wind and hailstorm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46 (b)(12) and (20) and 17.50 (a)(2) of the DTPA;

Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D. Cause of Action for Unfair Insurance Practices Against State Farm and Galvan**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to

bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim and Defendants' failure to pay for the proper repair of Plaintiff's home on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B.    Engaging in unfair claims settlement practices;

C.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue;

D.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.    Failing to affirm or deny coverage of Plaintiff's claim within a reasonable time;

F.    Refusing to pay Plaintiff's claim without conducting a reasonable investigation with respect to the claim; and

G.    Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendants have also breached the Texas Insurance Code when they breached their duty of good faith and fair dealing. Defendants' conduct as described herein has resulted in Plaintiff's damages that are described in this petition.

All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

## E.   Cause of Action for Breach of Duty of Good Faith and Fair Dealing Against State Farm and Galvan

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures and conduct, Defendants have breached their common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendants have also breached this duty by unreasonably delaying payment of Plaintiff's entire claim and by failing to settle Plaintiff's entire claim because Defendants knew or should have known that it was reasonably clear that the claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

## F.   Cause of Action for Fraud Against State Farm and Galvan

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. The Defendants, jointly and severally, made false representations and/or false promises to Plaintiff. These false representations and/or false promises made by the Defendants were material misrepresentations or omissions of fact upon which the Defendants intended that Plaintiff would rely, and upon which Plaintiff did reasonably rely to his detriment. The

141-277438-15

representations and/or promises by the Defendants were false and were made either intentionally or recklessly without regard to their truth or falsity and with the intent to induce Plaintiff into purchasing the insurance policy at issue and/or to accept as true and correct the adjustment of Plaintiff's claim.  As a result of the material misrepresentations and omissions upon which Plaintiff detrimentally relied, Plaintiff has suffered damages substantially in excess of the minimum jurisdictional limits of this Court.

The fraudulent acts and/or omissions of the Defendants, as set forth herein, are sufficient, under Chapter 41 of the Texas Civil Practices and Remedies Code, to justify the imposition of punitive damages against Defendants.

Plaintiff seeks herein, as a result of the Defendants' fraud, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

### G.  Cause of Action for Conspiracy Against State Farm and Galvan

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action.  The Defendants were members of a combination of two persons; the object of the combination was to accomplish an unlawful purpose and/or a lawful purpose by unlawful means as set forth in the factual allegations and causes of action detailed above, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing; the Defendants had a meeting of the minds on the object or course of action; one or more of the

Defendants committed an unlawful, overt act, including, but not limited to violating the DTPA, violating Section 542 and 541 of the Texas Insurance Code, committing unfair and deceptive insurance practices, committing fraud and fraudulent inducement, committing breaches of contract, and committing breaches of the duty of good faith and fair dealing to further the object or course of action which, among other things, was intended to deprive the Plaintiff of the benefit and coverage of the insurance Policy that he purchased; and Plaintiff suffered injury as a proximate result of the wrongful act(s) and/or omission(s).

The conspiratorial acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' conspiracy as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, pre-judgment interest, post-judgment interest, costs of court, expenses of the litigation, and reasonable and necessary attorneys' fees through trial and all appeals in this matter, as allowed by law.

**H.   Cause of Action for Aiding and Abetting Against State Farm and Galvan**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

### 1. *Assisting or Encouraging*

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and

Case 4:15-cv-00308-A   Document 1-3   Filed 04/22/15   Page 15 of 37   PageID 23

141-277438-15

fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The other Defendant(s) had knowledge that the primary actor's conduct constituted a tort or torts. The other Defendant(s) had the intent to assist the primary actor in committing the tort(s). The other Defendant(s) gave the primary actor assistance or encouragement. The other Defendant(s)' assistance or encouragement was a substantial factor in causing the tort(s). Therefore, all of the Defendant(s) are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting or encouraging "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting or encouraging "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

**2. Assisting and Participating**

The Defendants committed a tort or torts against the Plaintiff, as described and pled for herein, including, but not limited to, to violate the DTPA, to violate Section 542 and 541 of the Texas Insurance Code, to commit unfair and deceptive insurance practices, to commit fraud and fraudulent inducement, to commit breaches of contract, and to commit breaches of the duty of good faith and fair dealing. The primary actor's activity accomplished a tortious result. The

other Defendant(s) provided substantial assistance to the primary actor in accomplishing the tortious result. The other Defendant(s)' own conduct, separate from the primary actor's, was a breach of duty to the Plaintiffs. The other Defendant(s)' participation was a substantial factor in causing the tort or torts. Therefore, all of the Defendants are considered tortfeasors and are responsible for the consequences of the tort(s), including joint and several liability for the damages suffered by the Plaintiff as described herein.

The assisting and participating "aiding and abetting" acts committed by the Defendants set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against the Defendants.

Plaintiff seeks, as a result of the Defendants' assisting and participating "aiding and abetting" acts as set forth herein, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorney's fees through trial and all appeals in this matter, expert witness fees, costs of court, costs for copies of depositions, pre-judgment interest, and post-judgment interest, as allowed by law.

## I. Cause of Action for Negligence and Gross Negligence Against Galvan

Plaintiff realleges and incorporates by reference all previous paragraphs and allegations herein.

The Defendant Galvan was negligent in giving advice to Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. This advice as to how to repair Plaintiff's Property was negligent because Plaintiff could not properly repair his Property and prevent future damage by following Galvan's advice. Plaintiff's Property has sustained further damages as a result. Galvan owed a duty to use reasonable care when he

undertook to advise the Plaintiff as to how he could repair his Property so as to prevent further damage to the Plaintiff's Property. Defendant Galvan breached this legal duty. The breach proximately caused injury to the Plaintiff.

The acts and failures to act set forth herein were committed with gross negligence, as this term is used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of exemplary damages against the Defendant Galvan.

**J.  Cause of Action for Negligent Misrepresentation Against Galvan**

Plaintiff realleges and incorporates by reference all previous and subsequent paragraphs and allegations herein.

Additionally and/or in the alternative, the above and foregoing acts and omissions of Defendant Galvan constitute negligent misrepresentations that have caused damages to Plaintiff. Defendant Galvan made representations to Plaintiff in the course of Plaintiff's business or in a transaction in which Defendant had an interest. The Defendant supplied false information for the guidance of others, including Plaintiff. The Defendant did not exercise reasonable care or competence in obtaining or communicating the information to Plaintiff. Plaintiff justifiably relied upon such representations, and the Defendant's negligent misrepresentations proximately caused further damages to Plaintiff's Property.

The misrepresentations, acts and/or failures to act set forth herein were committed with gross negligence, fraud and/or malice, as those terms are used in Chapter 41 of the Texas Civil Practices and Remedies Code, such as to justify the imposition of punitive damages against Defendant Galvan.

Plaintiff seeks herein, as a result of Defendant's negligent misrepresentations, Plaintiff's actual damages, consequential damages, incidental damages, compensatory damages, mental

141-277438-15

anguish damages, punitive damages, costs of court, pre-judgment interest, and post-judgment interest.

## VII.  WAIVER AND ESTOPPEL

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## VIII.  DAMAGES

The above described acts, omissions, failures and conduct of Defendants has caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's property and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees. In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $100,000.00 but not more than $200,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## IX.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional

damages as authorized by Section 17.50(b)(1) of the DTPA. Plaintiff is further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## X. EXEMPLARY DAMAGES

Defendants' above and foregoing acts and omissions, as set forth above, were done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, and with "malice" as that term is defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendants are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others similarly situated from committing similar acts in the future.

## XI. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XII. JURY DEMAND

Plaintiff asserts Plaintiff's right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set for trial, in accordance with Texas Rule of Civil Procedure 216. Plaintiff tenders the fee of $30.00, as required by Texas Government Code Section    51.604.

141-277438-15

### XIII. REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194.2, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2 (a) – (1).

### XIV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate him in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted,

**SPEIGHTS & WORRICH**
1350 North Loop 1604 E., Suite 104
San Antonio, Texas 78232
(210) 495-6789 (Telephone)
(210) 495-6790 (Facsimile)

By: _Cody Robinson ˅ /Per_
CODY ROBINSON
Texas State Bar No. 24085557
cody@speightsfirm.com

**ATTORNEY FOR PLAINTIFF**

141-277438-15

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*

 **StateFarm**®

September 19, 2014

Ismael Arriaga
2912 Creston Ave
Fort Worth TX 76133-1606

**State Farm Claims**
PO Box 2323
Bloomington IL 61702

RE:   Claim Number:      43-519M-245
      Policy Number:     58UC92142
      Date of Loss:      May 12, 2014

Dear Ismael Arriaga:

Thank you for the opportunity to inspect your loss at the above address on September 18, 2014.

State Farm® agrees there is covered damage caused by wind and hail to the areas which we have itemized in our estimate. Please note, the claim adjustment for these covered damages reflects the applicable policy deductible.

Our adjustment reflects these covered damages as indicated below.

**Building:**

      State Farm Estimate   $1,693.72
      Less Depreciation    $   251.18

      Less Deductible:     $1,872.00

      **Total Payable**    $     0.00

Since the loss is less than your $1,872.00 deductible, no payment can be made at this time. If you receive estimates related to this loss that exceed your deductible, please promptly forward these for our review prior to repairing or replacing the property.

Furthermore, we observed additional damage not caused by wind and hail. State Farm denies coverage for damage to shingles and other exterior roofing components, except those covered damages identified in our estimate, because such other damage is excluded by the following policy provisions. We call your attention to the applicable portion of your policy:

### SECTION I - LOSSES NOT INSURED



We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in item a. through n. below, regardless of whether the loss occurs suddenly

141-277438-15

43-519M-245
Page 2
September 19, 2014

or gradually, involves isolated or widespread damage, arises from natural or external forces or occurs as a result of any combination of these:

g.    wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown.

i.    wet or dry rot.

State Farm also observed that there are a number of composition shingles that do not have any damage. The policy insures for accidental direct physical loss. Please refer to the following applicable part of your policy:

## SECTION I – LOSSES INSURED

### COVERAGE A – DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except as provided in **SECTION I – LOSSES NOT INSURED.**

There is no coverage for the replacement of the undamaged shingles since there is no accidental direct physical loss.

Because we value you as a policyholder and appreciate your business, we want to ensure you understand the coverage decision.

If you have any additional information that has not been previously considered, or desire any additional explanation, please contact us.

Sincerely,

Aaron A Galvan
Independent Adjuster
(866) 787-8676 Ext. 10726
Fax:    (877) 732-6556

Enclosure(s):
        Estimate

*This translation from English is for your convenience and is informational only. In the event of any difference in interpretation, the English language version controls..*

141-277438-15

ARRIAGA, ISMAEL                                                                 43-519M-245



**State Farm**
**P.O. Box 2323**
**Bloomington, IL 61702-2323**
**Fax: 1-877-732-6556**

# Structural Damage Claim Policy

When you have a covered structural damage claim to your real property, you should know:

- We want you to receive quality repair work to restore the damages to your property.

- We will provide you with a detailed estimate of the scope of the damage and costs of repairs. Should the contractor you select have questions concerning our estimate, they should contact your claim representative directly.

- Depending upon the complexity of your repair, our estimate may or may not include an allowance for general contractor's overhead and profit. If you have questions regarding general contractor's overhead and profit and whether general contractor services are appropriate for your loss, please contact your claim representative before proceeding with repairs.

- There may be building codes, ordinances, laws, or regulations that affect the repairs of your property. These items may or may not be covered by your policy. Please contact your claim representative if you have any questions regarding coverage which may be available under your policy.

- If you select a contractor whose estimate is the same as or lower than our estimate, based on the same scope of damages, we will pay based upon their estimate. If your contractor's estimate is higher than ours, you should contact your claim representative prior to beginning repairs.

- State Farm® cannot authorize any contractor to proceed with work on your property. Repairs should proceed only with your authorization.

- State Farm does not guarantee the quality of the workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame.

- It is understood that the contractor is hired by you, our insured, and that they work for you - not State Farm.

If you have any questions or need additional information regarding your claim, please contact your claim representative immediately.

Date:   9/18/2014 4:58 PM                                   132214.1  06-18-2009      Page: 1

141-277438-15

43-519M-245

## 🐝 StateFarm®     Building Estimate Summary Guide

This summary guide is based on a sample estimate and is provided for reference only.
Please refer to the estimate for specifics of your claim.

### State Farm Insurance

| | | | |
|---|---|---|---|
| Insured: | Smith, Joe & Jane | Estimate: | 00-0000-000 |
| Property: | 1 Main Street | Claim number: | 00-0000-000 |
| | Anywhere, IL 00000-0000 | Policy Number: | 00-00-0000-0 |
| Type of Loss: | Other | Price List: | ILBL8F_MAR 13 |
| Deductible: | $1,000.00 | | Restoration/Service/ |
| | | | Remodel |
| | | | F = Factored In, |
| | | | D = Do Not Apply |

#### Summary for Dwelling

| | | | |
|---|---|---|---|
| Line Item Total [1] | | | 5,953.10 |
| Material Sales Tax | @ | 10.000% x 1,520.00 | |
| Subtotal | | | 6,105.10 |
| General Contractor Overhead [2] | @ | 10.0% x 6,105.10 | 610.51 |
| General Contractor Profit | @ | 10% x 6,105.10 | 610.51 |
| Replacement Cost Value (Including General Contractor Overhead and Profit) [3] | | | 7,326.12 |
| Less Depreciation (Including Taxes) [4] | | | (832.50) |
| Less General Contractor Overhead & Profit on Recoverable | | | |
| Non - recoverable Depreciation | | | (166.50) |
| Less Deductible [5] | | | |
| Net Actual Cash Value Payment [6] | | | |

#### Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) [4] | 832.50 | |
| Less Non - recoverable Depreciation (Including Taxes) [7] | | |
| Subtotal | | 312.50 |
| General Contractor O&P on Depreciation | 166.50 | |
| Less General Contractor O&P on Non - recoverable Depreciation | | |
| Subtotal | | |
| Total Maximum Additional Amounts Available If Incurred [8] | | |
| Total Amount of Claim If Incurred [9] | | |

Claim Representative

ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.

1. **Line Item Total** – Total value of all line items in the estimate plus possible adjustments for labor minimums. Labor Minimum is to cover a certain minimum number of hours for drive time, set up time and applicable administrative costs and repairs.

2. **General Contractor's Overhead and Profit** – General contractor's charge for coordinating your repairs.

3. **Replacement Cost Value (RCV)** – Estimated cost to repair or replace damaged property.

4. **Depreciation** – The decrease in the value of property over a period of time due to wear, tear, condition, and obsolescence. A portion or all of this amount may be eligible for replacement cost benefits.

5. **Deductible** – The insurer will pay for losses, up to the policy limits, in excess of your applicable deductible.

6. **Net Actual Cash Value Payment (ACV)** – The repair or replacement cost of the damaged part of the property less depreciation and deductible.

7. **Non Recoverable Depreciation** – Depreciation applied to items that are not eligible for replacement cost benefits.

8. **Total Maximum Additional Amount if Incurred** – Total amount of recoverable depreciation after actual repair or replacement of the property.

9. **Total Amount of Claim If Incurred** – Total amount of the claim, including net actual cash value payment and total maximum additional amount available if incurred.

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                                     43-519M-245

| | | | |
|---|---|---|---|
| Insured: | ARRIAGA, ISMAEL | Estimate: | 43-519M-245 |
| Property: | 2912 Creston Ave | Claim Number: | 43519M245 |
| | Fort Worth, TX 76133 | Policy Number: | 58-UC-9214-2 |
| Home: | 817-319-6628 | Price List: | TXDF28_SEP14 |
| Cellular: | 817-675-2117 | | Restoration/Service/Remodel |
| Type of Loss: | Hail | | |
| Deductible: | $1,872.00 | | |
| Date of Loss: | 5/12/2014 | | |
| Date Inspected: | 9/16/2014 | | |

## Summary for Coverage A - Dwelling - 35 Windstorm and Hail - HL

| | |
|---|---|
| Line Item Total | 1,658.21 |
| Material Sales Tax | 35.51 |
| Replacement Cost Value | 1,693.72 |
| Less Depreciation (Including Taxes) | (251.18) |
| Less Deductible | (1,872.00) |
| Actual Cash Value Total | (429.46) |
| Net Actual Cash Value Payment | $0.00 |

## Maximum Additional Amounts Available If Incurred:

| | | |
|---|---|---|
| Total Line Item Depreciation (Including Taxes) | 251.18 | |
| Less Actual Cash Value Total | (429.46) | |
| Subtotal | (178.28) | |
| Replacement Cost Benefits | | -178.28 |
| Total Maximum Additional Amount Available If Incurred | | 0.00 |
| Total Amount of Claim If Incurred | | $0.00 |

Galvan, Aaron
866-787-8676 x 10726

**ALL AMOUNTS PAYABLE ARE SUBJECT TO THE TERMS, CONDITIONS AND LIMITS OF YOUR POLICY.**

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                                              43-519M-245

Main

Level 1



Roof

|  | 2,844.74 Surface Area | 28.45 Number of Squares |
|---|---|---|
|  | 306.64 Total Perimeter Length |  |
|  | 184.05 Total Hip Length |  |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

Per inspection we found no hail or wind related damage to the roof shingles, We did found damage to one roof vent by hail and one shingle damage by Contractor Ray Biggs.

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 19.  R&R Rain cap - 4" to 5" | 1.00 EA | 25.93 | 1.06 | 26.99 | (15.43) | 11.56 |
| **Totals: Roof** |  |  | **1.06** | **26.99** | **15.43** | **11.56** |

Area Totals: Level 1

| | 258.63 Exterior Wall Area | |
|---|---|---|
| 2,844.74 Surface Area | 28.45 Number of Squares | 613.29 Total Perimeter Length |
| | 184.05 Total Hip Length | |

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Total: Level 1** | | | **1.06** | **26.99** | **15.43** | **11.56** |

Area Totals: Main

| | 258.63 Exterior Wall Area | |
|---|---|---|
| 2,844.74 Surface Area | 28.45 Number of Squares | 613.29 Total Perimeter Length |
| | 184.05 Total Hip Length | |

| | | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| **Total: Main** | | | **1.06** | **26.99** | **15.43** | **11.56** |

SKETCH1

Main Level

Bedroom                                                                                    Height: 8'

| | 312.00 SF Walls | 91.06 SF Ceiling |
|---|---|---|
| | 403.06 SF Walls & Ceiling | 91.06 SF Floor |
| | 39.00 LF Ceil. Perimeter | 39.00 LF Floor Perimeter |

Door                                    2' 6" X 6' 8"                Opens into Exterior

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                                        43-519M-245

**CONTINUED - Bedroom**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 1. Content Manipulation charge - per hour | 1.00 HR | 29.16 | 0.00 | 29.16 | | 29.16 |
| 3. R&R 1/2" drywall - hung, taped, ready for texture | 8.00 SF | 1.58 | 0.28 | 12.92 | | 12.92 |
| 5. R&R Blown-in insulation - 10" depth - R26 | 8.00 SF | 1.28 | 0.34 | 10.58 | | 10.58 |
| 7. Seal the surface area w/PVA primer - one coat | 24.00 SF | 0.38 | 0.10 | 9.22 | | 9.22 |
| 10. Texture drywall - smooth / skim coat | 24.00 SF | 0.78 | 0.16 | 18.88 | | 18.88 |
| 9. Paint the walls and ceiling - one coat | 403.06 SF | 0.47 | 3.33 | 192.77 | (38.56) | 154.21 |
| Totals: Bedroom | | | 4.21 | 273.53 | 38.56 | 234.97 |



**Garage**                                                                    **Height: 8'**

| | |
|---|---|
| 540.00 SF Walls | 414.06 SF Ceiling |
| 954.06 SF Walls & Ceiling | 414.06 SF Floor |
| 81.50 LF Ceil. Perimeter | 65.50 LF Floor Perimeter |

| Door | 16' X 7' | Opens into Exterior |
|---|---|---|
| Door | 2' 6" X 6' 8" | Opens into Exterior |
| Door | 2' 6" X 6' 8" | Opens into Exterior |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 11. Content Manipulation charge - per hour | 1.00 HR | 29.16 | 0.00 | 29.16 | | 29.16 |
| 12. Acoustic ceiling tile - High grade | 64.00 SF | 3.63 | 12.51 | 244.83 | (8.16) | 236.67 |
| 14. Paint the ceiling - one coat | 414.06 SF | 0.47 | 3.42 | 198.03 | (39.60) | 158.43 |

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                            43-519M-245

**CONTINUED - Garage**

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Garage | | 15.93 | 472.02 | 47.76 | 424.26 |

Area Totals: Main Level

| 852.00 SF Walls | 505.12 SF Ceiling | | 1,357.12 SF Walls and Ceiling |
| 505.12 SF Floor | 542.03 Total Area | | 104.50 LF Floor Perimeter |
| 505.12 Floor Area | 100.33 Exterior Perimeter | | 120.50 LF Ceil. Perimeter |
| 791.00 Exterior Wall Area | of Walls | | 852.00 Interior Wall Area |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Total: Main Level | | 20.14 | 745.55 | 86.32 | 659.23 |

Area Totals: SKETCH1

| 852.00 SF Walls | 505.12 SF Ceiling | | 1,357.12 SF Walls and Ceiling |
| 505.12 SF Floor | 542.03 Total Area | | 104.50 LF Floor Perimeter |
| 505.12 Floor Area | 100.33 Exterior Perimeter | | 120.50 LF Ceil. Perimeter |
| 791.00 Exterior Wall Area | of Walls | | 852.00 Interior Wall Area |

| Total: SKETCH1 | | 20.14 | 745.55 | 86.32 | 659.23 |

**Exterior**

**Front Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| No storm related damage. | | | | | |
| Totals: Front Elevation | | 0.00 | 0.00 | 0.00 | 0.00 |

**Left Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| No storm related damage. | | | | | |

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                            43-519M-245

**CONTINUED - Left Elevation**

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| Totals: Left Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Rear Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| No storm related damage. | | | | | | |
| Totals: Rear Elevation | | | 0.00 | 0.00 | 0.00 | 0.00 |

**Right Elevation**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 15. R&R Window screen, 10 - 16 SF | 4.00 EA | 32.99 | 9.17 | 141.13 | (94.08) | 47.05 |
| 17. R&R Window screen, 1 - 9 SF | 3.00 EA | 25.96 | 5.14 | 83.02 | (55.35) | 27.67 |
| Totals: Right Elevation | | | 14.31 | 224.15 | 149.43 | 74.72 |
| Area Totals: Exterior | | | | | | |
| Total: Exterior | | | 14.31 | 224.15 | 149.43 | 74.72 |

**Fencing**

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

141-277438-15

## State Farm

ARRIAGA, ISMAEL                                                                                        43-519M-245

| DESCRIPTION | QUANTITY UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| No storm related damage. | | | | | |

| | | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|
| Totals: Fencing | | 0.00 | 0.00 | 0.00 | 0.00 |

### Debris Removal

| 0.00 SF Walls | 0.00 SF Ceiling | 0.00 SF Walls & Ceiling |
|---|---|---|
| 0.00 SF Floor | 0.00 SF Short Wall | 0.00 LF Floor Perimeter |
| 0.00 SF Long Wall | | 0.00 LF Ceil. Perimeter |

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| 18. Haul debris - per pickup truck load - including dump fees | 1.00 EA | 102.09 | 0.00 | 102.09 | | 102.09 |
| Totals:  Debris Removal | | | 0.00 | 102.09 | 0.00 | 102.09 |

### Labor Minimums Applied

| DESCRIPTION | QUANTITY | UNIT PRICE | TAX | RCV | DEPREC. | ACV |
|---|---|---|---|---|---|---|
| * 4.  Drywall labor minimum | 1.00 EA | 218.92 | 0.00 | 218.92 | | 218.92 |
| * 16.  Window labor minimum | 1.00 EA | 87.98 | 0.00 | 87.98 | | 87.98 |
| * 20.  Roofing labor minimum | 1.00 EA | 288.04 | 0.00 | 288.04 | | 288.04 |
| Totals:  Labor Minimums Applied | | | 0.00 | 594.94 | 0.00 | 594.94 |
| Line Item Totals:  43-519M-245 | | | 35.51 | 1,693.72 | 251.18 | 1,442.54 |

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                      43-519M-245

## Grand Total Areas:

| | | |
|---|---|---|
| 852.00 SF Walls | 505.12 SF Ceiling | 1,357.12 SF Walls and Ceiling |
| 505.12 SF Floor | | 104.50 LF Floor Perimeter |
| | | 120.50 LF Ceil. Perimeter |
| 505.12 Floor Area | 542.03 Total Area | 852.00 Interior Wall Area |
| 1,049.63 Exterior Wall Area | 100.33 Exterior Perimeter of Walls | |
| 2,844.74 Surface Area | 28.45 Number of Squares | 613.29 Total Perimeter Length |
| | 184.05 Total Hip Length | |

141-277438-15

**State Farm**

ARRIAGA, ISMAEL                                                                      43-519M-245

### Recap of Taxes, Overhead and Profit

| | GC Overhead (0%) | GC Profit (0%) | Material Sales Tax (8.25%) | Cleaning Mtl Tax (8.25%) | Cleaning Sales Tax (8.25%) | Manuf. Home Tax (5%) | Storage Rental Tax (8.25%) |
|---|---|---|---|---|---|---|---|
| Line Items | | | | | | | |
| | 0.00 | 0.00 | 35.51 | 0.00 | 0.00 | 0.00 | 0.00 |
| Total | | | | | | | |
| | 0.00 | 0.00 | 35.51 | 0.00 | 0.00 | 0.00 | 0.00 |

141-277438-15



Garage

Bedroom



N

Main Level



Level 1

141-277438-15

*Providing Insurance and Financial Services*
*Home Office, Bloomington, IL*                                     **StateFarm**®

19 de septiembre de 2014

Ismael Arriaga                                    **State Farm Claims**
2912 Creston Ave                                  PO Box 2323
Fort Worth TX 76133-1606                          Bloomington IL 61702

Asunto:       Número de Reclamación:    43-519M-245
              Número de Póliza:         58UC92142
              Fecha de la Pérdida:      12 de mayo de 2014

Estimado(a) Ismael Arriaga:

Le agradezco haberme dado la oportunidad de inspeccionar su pérdida en la dirección previamente mencionada el 18 de septiembre de 2014.

State Farm® está de acuerdo en que hay daños cubiertos causados por viento y granizo a las áreas que hemos desglosado en nuestro presupuesto. Le informamos que el ajuste de la reclamación para estos daños cubiertos refleja el deducible de la póliza que aplica.

Nuestro ajuste refleja estos daños cubiertos, como se indica a continuación.

**Edificio:**

| | | |
|---|---|---|
| Presupuesto de State Farm | $1,693.72 | |
| Menos la depreciación | $ 251.18 | |
| Menos el Deducible: | $1,872.00 | |
| **Total Pagadero** | $ 0.00 | |

Debido a que la cantidad de la pérdida es menor que su deducible de $1,872.00, no se puede emitir ningún pago en estos momentos. Si recibe presupuestos relacionados con esta pérdida que sobrepasen la cantidad de su deducible, por favor envíelos inmediatamente para que los revisemos, antes de reparar o reemplazar su propiedad.

Además, observamos daños adicionales no causados por viento y granizo. State Farm deniega cobertura por daños a tejas y otros componentes del techado exterior, con excepción de aquellos daños cubiertos identificados en nuestro presupuesto, debido a que tales otros daños están excluidos por las siguientes disposiciones de la póliza. Le señalamos la parte que aplica de su póliza:

Las selecciones del contrato de seguro expuestas a continuación deben siempre presentarse en su idioma original.

141-277438-15

43-519M-245
Página 2
19 de septiembre de 2014

## SECTION I - LOSSES NOT INSURED

1.   We do not insure for any loss to the property described in Coverage A which
     consists of, or is directly and immediately caused by, one or more of the perils
     listed in item a. through n. below, regardless of whether the loss occurs suddenly
     or gradually, involves isolated or widespread damage, arises from natural or
     external forces or occurs as a result of any combination of these:

     g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect
          or mechanical breakdown.

     ii.   wet or dry rot.

State Farm también observó que hay un número de tablillas compuestas que no tienen ningún
daño. La póliza asegura pérdidas físicas directas accidentales (*accidental direct physical loss*).
Por favor remítase a la siguiente parte de su póliza que aplica:

Las selecciones del contrato de seguro expuestas a continuación deben siempre presentarse en su
idioma original.

## SECTION I - LOSSES INSURED

### COVERAGE A - DWELLING

We insure for accidental direct physical loss to the property described in Coverage A, except
as provided in **SECTION I - LOSSES NOT INSURED.**

No hay cobertura para el reemplazo de tejas que no están dañadas ya que no hay una
pérdida física directa accidental.

Debido a que usted es un asegurado valioso y agradecemos su confianza, queremos
asegurarnos de que usted entiende la decisión respecto a la cobertura.

Si tiene alguna información adicional que no se ha considerado previamente, o si desea
cualquier explicación adicional, por favor comuníquese con nosotros.

141-277438-15

43-519M-245
Página 3
19 de septiembre de 2014

Atentamente,

Aaron A Galvan
Independent Adjuster
(866) 787-8676 Ext. 10726
Fax:    (877) 732-6556

State Farm Lloyds


Adjunto(s):
                Presupesto

*Esta traducción del inglés es para su conveniencia y es sólo informativa. En el caso que surja un conflicto de interpretación, la versión del idioma inglés dominará.*